**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Curtis R. MARTIN, Jr., Defendant–
Appellant.**

**No. 08–10055.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 14, 2009.[*]

Filed July 21, 2009.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R. Steven Lapham, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Curtis R. Martin, Jr., Arthur Pirelli, Fairfax, CA, for Defendant–Appellant.

Before SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Curtis R. Martin, Jr., appeals from the district court's decision, following a limited

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

remand under *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc), that it would not have imposed a different sentence had it known that the Sentencing Guidelines were advisory. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Martin contends that the district court conducted an insufficient *Ameline* remand, erred by failing to analyze the 18 U.S.C. § 3553(a) sentencing factors at the *Ameline* hearing, and applied the wrong standard of proof. The district court conducted a proper *Ameline* review, *see United States v. Silva,* 472 F.3d 683, 685 (9th Cir.2007), and the district court "properly understood the full scope of [its] discretion" following *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Combs,* 470 F.3d 1294, 1297 (9th Cir.2006).

Martin further contends that the district court erred when it failed to address his *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), claim at the *Ameline* hearing. Because the limited *Ameline* remand requires only that the district court determine what it would have done "at the time" of the original sentencing, the district court was not required to consider new evidence. *See Ameline,* 409 F.3d at 1083.

Martin also contends that the district court improperly calculated the loss amount. We rejected this contention in Martin's previous appeal and, under the law of the case doctrine, we are precluded from reconsidering an issue already decided. *See United States v. Smith,* 389 F.3d 944, 948 (9th Cir.2004) (per curiam).

**AFFIRMED.**